**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 01-CR-30140-02-MJR |
| EARNEST D'MARCO JOHNSON, | ) ) | |
| Defendant. | ) | |

**ORDER**

**REAGAN, District Judge:**

On June 20, 2008, Johnson filed a pro se motion bearing the case-caption of his criminal case and requesting appointment of counsel (Doc. 301). Therein, Johnson raises a vague objection to the calculation of his sentence pursuant to an amendment of the Sentencing Guidelines, though it is not clear to which particular amendment he refers. From the Court's reading of the motion, it is possible that Johnson eventually plans file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. However, his intention is unclear, and the Court can not find any basis to appoint counsel at this time.

A brief overview of Johnson's criminal case is helpful. On August 23, 2002, a jury found Johnson guilty of one count of aggravated bank robbery in violation of 18 U.S.C. § 2113(a) and one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Docs. 173 & 174). On May 27, 2003, Johnson filed a notice of appeal (Doc. 244).

On appeal, the Seventh Circuit affirmed Johnson's conviction, but ordered a limited remand with respect to the Johnson's sentence in light of ***United States v. Booker*, 543 U.S. 220 (2005).** The undersigned District Judge was directed to determine whether the same sentence would

have been imposed had the Court known at the time of sentencing that the Sentencing Guidelines were merely advisory. *United States v. Seals*, **419 F.3d 600 (7th Cir. 2005).** On December 7, 2005, the Court advised the Court of Appeals that the sentence would have been no different had Johnson been sentenced post-*Booker* (Doc. 282). Thus, Johnson's direct appeal concluded long ago and no further proceedings remain in his criminal case. *See United States v. Seals*, **170 Fed.Appx. 421 (7th Cir. 2006) (affirming Johnson's sentence).** Consequently, the Court sees no reason why counsel should be appointed in this action at this time.

While Johnson may ultimately intend to institute a separate civil action under § 2255, he has yet to do so and this Court will not consider appointment of counsel without an active case. The Court states no opinion as to whether a civil action under § 2255 would be successful or timely filed, as those questions are not currently before the Court.

It is sufficient to note that the above-captioned criminal action was concluded long ago, and Johnson has not, to the Court's knowledge, instituted a new civil proceeding under § 2255. Accordingly, there is no pending action in which the Court can consider appointing counsel.

In light of all of this, the Court hereby **DENIES** Johnson's motion to appoint counsel (Doc. 301).

**IT IS SO ORDERED.**

**DATED this 23d day of September 2008.**

                                                      s/ Michael J. Reagan
                                                    **MICHAEL J. REAGAN**
                                                    **United States District Judge**